IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:15-cr-201 |
| | ) | |
| DAVID WAYNE SCHNEIDER, | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One, Two and Three of the

Information filed in this case are true and correct, and that had the matter gone to trial the United

States would have proven them beyond a reasonable doubt.

**Wire Fraud**

1. From in or about January 2010, through in or about January 2015, in the Eastern

District of Virginia and elsewhere, defendant David Wayne Schneider, and others known and

unknown, knowingly and intentionally devised and intended to devise a material scheme and

artifice to defraud the United States Department of the Treasury, Internal Revenue Service

("IRS"), and to obtain money by means of false and fraudulent pretenses, representations, and

promises, which scheme and artifice, and the execution thereof, were in substance as follows:

2. Schneider and his co-conspirators were hired to prepare and file tax returns for certain

individual customers. Schneider and the co-conspirators, in the Eastern District of Virginia,

prepared and filed electronically false and fraudulent federal income tax returns claiming refunds

with the IRS in the names of the individual customers. Schneider and the co-conspirators

1

included false and fictitious information that was not provided by the individual customers on these tax returns. Schneider and the co-conspirators made bank accounts Schneider controlled available to receive electronically deposited tax refunds expected as a result of filing false tax returns.

3. Schneider and the co-conspirators prepared and filed, and caused to be prepared and filed, electronically with the IRS, federal income tax returns that contained false entries as to individuals' incomes, Schedule C self-employment business losses and gains, dependents, and education expenses. These false entries caused the IRS to issue refunds to these individuals. Schneider and the co-conspirators kept part of the issued refunds and paid the remainder over to the taxpayers.

4. As a result of this scheme, Schneider filed or caused the filing of at least one hundred and twenty-nine (129) false tax returns with the IRS, claiming $515,104.74 in fraudulent refunds. The average fraud amount per individual tax return was $3,993.06.

5. The one hundred and twenty-nine returns were electronically filed from the Eastern District of Virginia and processed by the IRS Service Center in Ogden, Utah. Schneider directed these fraudulent refunds to be direct-deposited into bank accounts that he controlled. The refunds were transmitted from an IRS Department of Treasury Center located outside the Commonwealth of Virginia to Schneider's bank accounts that he held in the Eastern District of Virginia.

6. For example, in or about January 2014, Schneider electronically filed S.R.'s 2013 tax return using Schneider's computer in Richmond, Virginia. S.R.'s tax return was received by Turbo Tax in Mountain View, California, and then it was electronically transmitted to the IRS

2

Service Center in Martinsburg, West Virginia. S.R.'s tax refund was subsequently processed by the IRS Regional Finance Center in San Francisco, California, and the Bank of New York in New York, New York, wired the IRS refund to bank accounts belonging to S.R. and SCHNEIDER in Richmond, Virginia.

7. The one hundred and twenty-nine returns and the refund amounts are set forth below per tax year:

| TAX YEAR | NUMBER OF FRAUDULENT FILINGS | REFUND AMOUNT |
|----------|------------------------------|---------------|
| 2010 | 28 | $111,805.68 |
| 2011 | 46 | $183,680.76 |
| 2012 | 33 | $131,770.98 |
| 2013 | 16 | $63,888.96 |
| 2014 | 6 | $23,958.36 |

**Tax Fraud**

8. From in or about January 2011, through in or about April 2012, in the Eastern District of Virginia and within the jurisdiction of this Court, the exact dates being unknown, Schneider did willfully make and subscribe United States Individual Tax Returns, for the tax years 2010 and 2011, which were verified by written declarations that they were made under penalties of perjury and which the defendant did not believe to be true and correct as to every material matter.

3

9. Schneider filed IRS Form 1040 for tax years 2010 and 2011, stating a zero taxable income, when in fact, as the defendant then and there knew, he had a taxable income in gambling winnings of over $100,000 for each of those years.

10. In tax year 2010, Schneider received gambling winnings of $137,980. Instead of accurately reporting these winnings, he reported $87,013 as a Schedule A gambling loss. The resulting tax loss to the IRS was $27,622. Despite claiming a zero taxable income for the 2010 tax year, on the same return Schneider claimed a personal deduction of $15,540.00 for mortgage interest paid.

11. In tax year 2011, Schneider received gambling winnings of $123,489.00. Instead of accurately reporting these winnings, he reported $43,003 as a Schedule A gambling loss. The resulting tax loss to the IRS was $40,085. Despite claiming a zero taxable income for the 2011 tax year, on the same return Schneider claimed a personal deduction of $11,878 for mortgage interest paid.

## Theft of Government Property

12. On or about January 1, 2005, and continuing to on or about January 1, 2015, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, Schneider, did knowingly and willfully steal, purloin, and convert to his own use, on a recurring basis, money belonging to the United States, namely, more than $1,000 in Social Security (SS) Disability Benefits and United States Department of Health and Human Services (HHS) Medicare Benefits, to which he was not entitled.

13. On or about April 15, 1999, Schneider applied for Social Security Administration (SSA) Title II Disability Insurance Benefits based on "affective mood disorder." SSA Title II

4

benefits are paid to aged, blind, and disabled persons who have paid sufficient FICA taxes into the program and meet all factors of entitlement. Individuals may receive Title II benefits prior to age 62 if found to be disabled under the SSA.

14. The defendant signed his SSA Title II benefits application and acknowledged: "I know that anyone who makes or causes to be made a false statement or representation of material fact in an application or for use in determining a right to payment under the Social Security Act commits a crime punishable under federal Law by fine, imprisonment or both."

15. SSA approved Schneider's application for benefits, and he began receiving payments on or about September 1, 1999. As a condition of the receipt of benefits, the SSA advised Schneider that he was required to notify the agency if his medical condition improved so that he was able to work or if he went to work.

16. To be eligible for disability benefits, a person must be unable to engage in substantial gainful activity (SGA). A person who is earning more than the SSA's monthly amount is ordinarily considered to be engaging in SGA. Schneider engaged in SGA from on or about January 1, 2005, until on or about January 1, 2015.

17. On or about January 1, 2005, Schneider began working full time as a bail bondsman. By June of 2005, Schneider filed an application with the Virginia Department of Criminal Justice Services (DCJS), listing himself as the owner of Zimmerman Bail. Schneider maintained this business until on or about January 1, 2015.

18. On an SSA work activity report dated October 21, 2012, and completed by Schneider under penalty of perjury, he denied any self-employment income since January of 2007.

19. During the years Schneider worked as a bail bondsman, he failed to disclose to the SSA that, in truth and fact, he was working and earning more per month than allowed under the SSA's SGA Earnings Guidelines. In total, Schneider received $194,867 in SSA Title II payments to which he was not entitled.

20. Medicare is a health insurance program managed by HHS. Medicare is for people over 65 and younger, disabled people. On or about September 1, 2001, Schneider qualified for Medicare Part C. A person may qualify for Medicare Part C once he has received SSA disability benefits for 24 months. Part C allows private health insurance companies to provide Medicare benefits.

21. Schneider was not entitled to any Medicare Part C coverage from on or about January 1, 2005, and continuing to on or about January 1, 2015, because he was engaged in SGA throughout this period. In total, HHS paid Schneider $51,933.66 in Medicare Part C coverage to which he was not entitled.

22. The defendant qualified for coverage of his Medicare Part D prescription drug premium on or about January 2, 2006. Medicare Part D helps cover the cost of prescription drugs. Schneider was not entitled to any Medicare Part D coverage because he was engaged in SGA starting in 2005. In total, HHS paid Schneider $6,555.31 in Medicare Part D coverage to which he was not entitled.

23. On February 4, 2015, Schneider admitted to the acts described above in an interview conducted by the agents assigned to this case and in the presence of Schneider's attorney. At all times pertinent to the Criminal Information, Schneider resided within the Eastern District of Virginia.

24.    The acts taken by Schneider in furtherance of the offenses charged in this case, including the acts described above, were done willfully and knowingly with the specific intent to violate the law.  The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offenses charged in this case nor does it identify all of the persons with whom the defendant may have engaged in illegal activities.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: *Margaret W. Reed*
Margaret W. Reed
Virginia State Bar No. 41823
Special Assistant United States Attorney
United States Attorney's Office
600 East Main Street, Suite 1800
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: margaret.w.reed@usdoj.gov

After consulting with my attorney, and pursuant to the plea agreement entered into this day between the defendant, David Wayne Schneider, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: _1.27.16_

_____
DAVID WAYNE SCHNEIDER

I am the attorney for David Wayne Schneider. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: _1/27/16_

_____
John A. March, Esquire
Counsel for the Defendant

8