IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.                                   )<br>)<br>DAVID WAYNE SCHNEIDER,     )<br>)<br>    Defendant.               ) | Criminal No. 3:15-cr-201 |

**S**ENTENCING **P**OSITION OF THE **U**NITED **S**TATES

The United States of America, through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Margaret W. Reed, Special Assistant United States Attorney, hereby submits its position with respect to sentencing factors. The United States represents that it has reviewed the Presentence Investigation Report ("PSR") and has no objections thereto. For the reasons stated below, the United States recommends that the Court impose a sentence within the applicable guidelines range.

**I.  BACKGROUND**

David W. Schneider waived indictment and on January 27, 2016, pursuant to a plea agreement, and pled guilty to a three-count criminal information alleging Wire Fraud and Aiding and Abetting, in violation of 18 U.S.C. §§ 1343; Tax Fraud, in violation of 26 U.S.C. § 7206(1); and Theft of Public Money, in violation of 18 U.S.C. § 641.  PSR at 4, Part A.  Defendant Schneider has been on bond with Pretrial Services Supervision since that date.  PSR at 1, Release Status.

In the Statement of Facts, Schneider agreed that from January 2010 through January 2015, he and co-conspirators prepared and filed fraudulent federal income tax returns that caused the IRS to issue $515,104.74 in fraudulent refunds. PSR ¶ 11 at 6-7, nos. (1, 3, 4). Schneider also admitted that for the tax years 2010 and 2011, he filed fraudulent personal tax returns that resulted in $67,707 tax losses to the IRS. PSR ¶ 11 at 8, nos. (9-11). Schneider further acknowledged that the Social Security Administration (SSA) paid him $194,867 and the Centers for Medicare and Medicaid Services (CMS) paid him $58,488.97 in benefits to which he was not entitled. PSR ¶ 11 at 9-10, nos. (19, 21-22).

## II. Applicable Sentencing Law

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range ...." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (internal quotation marks and citation omitted). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "Guidelines should be the starting point and the initial benchmark," keeping in mind that a sentencing court "may impose sentences within statutory limits based on appropriate

consideration of all of the factors listed in § 3553(a), subject to appellate review for reasonableness." *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011) (internal quotation marks and citation omitted). Although "the Guidelines are advisory rather than mandatory, they are ... the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553 states that the court should consider the nature and circumstances of the offense and the history and characteristics of the defendant. In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

The United States concurs with the Probation Officer's calculation of an offense level of 19, a Criminal History Category of I, and a guidelines range of 30-37 months' imprisonment. *See* PSR, Sentencing Options D at 21. Based on the § 3553(a) factors, the United States recommends a sentence within the guidelines range.

**III. Factors Under 18 U.S.C. § 3553(a)**

In this case, a sentence within the range suggested by the guidelines is appropriate in light of the 18 U.S.C. § 3553(a) factors.

### A. The Nature and Circumstances of the Offense

A sentence within the range suggested by the guidelines would take into consideration the nature and circumstances of the offense charged. Over a five-year period, Schneider and co-conspirators claimed $515,104.74 in fraudulent federal tax refunds by filing at least 129 fraudulent tax returns. Schneider also defrauded the IRS by concealing his taxable income for the tax years 2010 and 2011.

The defendant began receiving SSA Title II disability benefits in September of 1999, and continued to receive them until January 1, 2015. PSR ¶ 11 at 9, no. (15). As a condition of the receipt of benefits, Schneider agreed to notify SSA if he obtained any employment. *Id.* To be eligible for SSA disability benefits, a person must be unable to engage in substantial gainful activity (SGA). SSA maintains SGA monthly earnings guidelines for each year. Schneider began working full time as a bail bondsman in 2005. During the ten years Schneider worked as a bail bondsman, he failed to disclose to SSA that, in truth and fact, he was working and earning more per month than allowed under SSA's SGA Earnings Guidelines. PSR ¶ 11 at 9, no. (19). On an SSA work activity report dated October 21, 2012, and completed by Schneider under penalty of perjury, he denied any self-employment income since January of 2007. PSR ¶ 11 at 9, no. (18). Schneider qualified for Medicare after receiving SSA disability benefits for 24 months, and also received Medicare benefits to which he was not entitled. PSR ¶ 11 at 9, nos. (21-22).

In order to accomplish the instant offenses, Schneider repeatedly lied on federal government forms under penalty of perjury. As Schneider's financial conditions reveal (PSR ¶ 75), he lived a nice lifestyle because of his fraud. He has numerous, luxury cars and lives in a home valued at $338,100.

The defendant has accepted responsibility for his conduct. After a federal search

4

warrant was executed at Schneider's home, including his home office, he retained counsel and readily met with investigating agents on February 4, 2015. During the interview, he admitted to the acts described above. In addition, Schneider expressed regret and sincere remorse for his actions when he met with the United States Probation Officer. (PSR ¶ 15).

### B. History and Characteristics of the Defendant

The history and characteristics of the defendant also demonstrate the appropriateness of a sentence within the guidelines range. Schneider keeps in touch with his family and they remain supportive of him despite these criminal convictions. PSR ¶ 58. Schneider has good physical and mental health. PSR ¶ 66. The defendant is employed and considered "reliable and dedicated" as a bonds program manager for Nexus Services, Inc. PSR ¶ 73. Prior to his current position, Schneider owned and operated a successful bail bonding service. PSR ¶ 74. The defendant does not appear to have any substance abuse problems, but he does have a history of gambling. PSR ¶ 67.

### C. The Need for the Sentence to Reflect the Seriousness of the Offense

A guidelines sentence would also satisfy the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide a just punishment. Schneider defrauded multiple federal agencies and collected $836,167.71 to which he was not entitled. During this time, he was living comfortably in a nice home with multiple cars. Over a five-year period, Schneider prepared and electronically filed at least 129 fraudulent tax returns by claiming false entries based on individuals' incomes, Schedule C self-employment business losses and gains, dependents, and education expenses. He lied to the IRS about his taxable income for the tax years 2010 and 2011, and he engaged in SGA for at least ten years while collecting SSA and CMS benefits to which he was not entitled. To commit the fraud, Schneider made numerous, false

declarations under penalty of perjury on federal forms.

The defendant's conduct is serious and reflects a lack of concern or respect for the law and law-abiding taxpayers, and the sentence imposed must reflect that.   The IRS and SSA rely on the truthful reporting of American citizens.   The IRS and SSA have suffered significant episodes of fraud, and the costs to these federal agencies cannot, and should not, be ignored.   Fraudulent SSA claims threaten the integrity of the Social Security Trust Fund and prevent access for needy applicants with valid claims for benefits.   SSA Title II benefits serve as a lifeline to many needy Americans.   By committing the instant crimes, Schneider stole money from the American taxpayers who fund these programs.   Schneider was living comfortably while defrauding the federal government and taxpayers.

### D.   To Afford Adequate Deterrence, Protect the Public, and Avoid Unwarranted Sentence Disparities

A sentence within the guidelines range is appropriate in this case, and may serve to deter the defendant from engaging in future criminal activity.

The sentence imposed must be sufficiently severe to deter others who may contemplate similar fraud schemes.   A guidelines range sentence would establish that these serious crimes merit a just punishment.   Such a sentence would be consistent with other similar cases and protect the public by deterring others from engaging in the fraud conducted by the defendant.

## IV. CONCLUSION

For the reasons stated above, the United States submits that a sentence within the calculated guidelines range is just and accounts for the factors set forth in 18 U.S.C. § 3553(a). The United States respectfully requests that the Court order full restitution to: IRS-RAC in the amount of $515,104.74 for Count 1; IRS-RAC in the amount of $67,707 for Count 2; SSA in the amount of $194,867, and CMS in the amount of $58,488.97 for Count 3.

Respectfully submitted,

Dana J. Boente
United States Attorney


By: _____/s/_____
Margaret W. Reed
Virginia State Bar No. 41823
Special Assistant United States Attorney
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Phone: (804) 819-5400
Fax: (804) 771-2316
Email: margaret.w.reed@usdoj.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 6, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to John A. March, Jr., Esquire, 530 East Main Street, Suite 608, Richmond, VA 23219, (804) 788-4412.

       I also hereby certify that on April 6, 2016, I emailed a true and accurate copy to the following:

> David S. Simon
> United States Probation Officer
> 701 East Broad Street, Suite 1150
> Richmond, Virginia 23219

                                                       /s/
                                          Margaret W. Reed
                                          Virginia State Bar No. 41823
                                          Special Assistant United States Attorney
                                          United States Attorney's Office
                                          919 East Main Street, Suite 1900
                                          Richmond, Virginia 23219
                                          Phone: (804) 819-5400
                                          Fax: (804) 771-2316