IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:15-cr-201

DAVID WAYNE SCHNEIDER,
              Defendant.

## ORDER

This matter comes before the Court on the Petition on Supervised Release filed on April 9, 2020. (Dk. No. 45.) The Petition set forth four violations: (1) incurring new credit card charges and opening additional lines of credit without the approval of the probation officer; (2) failure to apply monies received from income tax refund, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation; (3) failure to pay restitution as directed by the Court; and (4) leaving the district without permission.

At the supervised release hearing held on June 11, 2020, the defendant admitted to the violations. Accordingly, the Court FINDS the defendant GUILTY of the violations. The Court hereby REVOKES the defendant's supervised release.

The Court finds the advisory sentencing range for the violations to be three (3) to nine (9) months and the statutory maximum to be twenty-four (24) months. For the reasons stated from the bench, after having considered the policy statements in Chapter Seven of the United States Sentencing Guidelines and the factors in 18 U.S.C. §§ 3553(a) and 3583(e), the Court SENTENCES the defendant to sixty (60) days home detention with costs paid by the defendant and three (3) years of supervised release to follow.

The Court imposes the original terms of supervised release and the following additional special conditions of supervised release: (1) the defendant shall attend one gamblers anonymous

meeting per week and obtain a sponsor. The sponsor must disclose only to the probation officer that he/she is the defendant's sponsor, and the sponsor shall disclose if he/she is no longer the defendant's sponsor. The defendant shall obtain a sponsor within two weeks of this Order; (2) the defendant shall not gamble in any form; and (3) the defendant shall disclose to the government and the probation officer all assets owned or held directly or indirectly, individually or jointly, or in which he has any legal interest, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities. The defendant shall also identify all assets valued at more than $5,000 that have been transferred to third parties since the date of his release from the Bureau of Prisons, including the location of the assets and the identities of the third parties.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and Charles Moore, United States Probation Officer.

Date: <u>12 June 2020</u>
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge